IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MICHAEL RAYMOND THOMPSON                              PETITIONER

VS.                    No. 2:20-cv-00024 BSM/PSH

DWAYNE HENDRIX, Warden,
FCI                                                    RESPONDENT

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Michael Raymond Thompson ("Thompson"), an inmate in the custody of the United States, is housed at Forrest City Medium Federal Correctional Institution. On January 31, 2020, Thompson filed a petition pursuant to 28 U.S.C. § 2241 seeking habeas corpus relief. Docket entry no. 2. For the reasons set forth below, the Court recommends that the habeas petition be denied.

**Background:** Thompson pleaded guilty to three counts of an indictment issued by a federal grand jury in the Western District of Tennessee ("WDTN").[1] In a written plea agreement, Thompson agreed to plead guilty to three of four counts and agreed to a sentence of 30 years in prison in exchange for the government's dismissal of a murder count. The district judge accepted his plea and sentenced Thompson to 30 years' imprisonment.[2] Docket entry no. 7-1, page 2. Judgment was entered on May 2, 2012. There was no direct appeal.

In 2013, Thompson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the WDTN case. Thompson claimed that his attorney failed to file an appeal as well as other instances of alleged ineffective assistance of counsel as grounds for relief. The District Court denied the motion and denied a certificate of appealability. No appeal was taken.

In 2018, Thompson petitioned the Sixth Circuit Court of Appeals for authorization to file a successive § 2255 petition, citing *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and *Mathis v. United States*, 136 S.Ct. 2243 (2016). He contended that *Dimaya* and *Mathis* invalidated his convictions because Hobbs Act robbery was not

---

[1] Thompson entered guilty pleas to robbery affecting interstate commerce (Hobbs Act robbery), in violation of 18 U.S.C. § 1951, knowingly using and carrying a firearm during and in relation to the Hobbs Act robbery, in violation of 18 U.S.C. § 924(c), and conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. With regard to the firearm offense, Thompson acknowledged he discharged his handgun while robbing the Easy Way Food Store in Memphis. (Docket entry no. 7-8, page 6).

[2] Thompson received concurrent 20 year sentences for robbery and conspiracy to rob, and a concurrent 10 year sentence for use of a firearm during a crime of violence.

a crime of violence under 18 U.S.C. § 924(c)(3)(A). The Court of Appeals denied his request. Docket entry no. 7-5.

In 2019, Thompson again petitioned the Sixth Circuit for authorization to file a successive § 2255 petition. Thompson argued that *United States v. Davis*, 139 S.Ct. 2319 (2019) announced a new rule of constitutional law, made retroactive by the Supreme Court, and invalidated his conviction for conspiracy to commit Hobbs Act robbery. *See* 28 U.S.C. § 2255(h). The Court ruled that Thompson "fails to make a prima facie showing. By the terms of his indictment, his § 924(c) conviction was predicated on his conviction for Hobbs Act robbery, not his conviction for conspiracy. We have declared that Hobbs Act robbery categorically 'constitute[s] a crime of violence under [the use-of-force clause of] § 924(c)(3)(A).' Thus, the invalidation of the residual clause of § 924(c)(3)(B) in *Davis* is irrelevant to the validity of his conviction." Docket entry no. 7-6.

The petition now before this Court, filed on January 31, 2020, advances the same argument raised in Thompson's 2019 § 2255 petition – that *Davis* renders his § 924(c) conviction unconstitutional.

**Analysis**

Respondent Dwayne Hendrix ("Hendrix") contends the petition should be dismissed for lack of jurisdiction.[3] To demonstrate jurisdiction, Thompson must show

---

[3] Hendrix also argues that this claim is without merit because Thompson's conviction for Hobbs Act robbery is a crime of violence under the use-of-force clause. Accordingly, Hendrix contends *Davis* has no bearing on Thompson's claim. Because the Court finds that it is without jurisdiction, it does not reach the merits of Thompson's petition.

3

that a § 2255 remedy in the sentencing court is inadequate or ineffective. The scope of a petition like the one at bar pursuant to 28 U.S.C. § 2241 is clear:

> Generally, a federal inmate may challenge his ... sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence under 28 U.S.C. 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) ... A habeas corpus petition under 28 U.S.C. 2241, on the other hand, attacks the execution of a sentence or the manner in which the sentence is being carried out, and falls within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held. *Methany v. Morris*, 307 F.3d 709, 711-712 (8th Cir. 2002).
>
> A court cannot entertain a petition for habeas corpus under 2241, "if it appears that the applicant has failed to apply for relief, by [2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). This latter provision is generally referred to as 2255's savings clause.
>
> To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez–Lopez,* 590 F.3d at 907 (citing *Abdullah,* 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1061–62 (8th Cir.2002), ... The fact that an individual is barred from filing a 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. *Lopez–Lopez,* 590 F.3d at 907. The 2255 remedy is not inadequate or ineffective because ... a 2255 petition was time-barred. *Id.*

*See Alexander v. Haynes*, 2013 WL 5507665, 3 (E.D. Ark. 2013) (Miller, J.) (emphasis in original) (adopting recommended disposition of Deere, J.).

Thompson's petition does not seek to attack the manner in which his sentence is being carried out. It is a challenge to his sentence, and therefore is properly filed in the jurisdiction where he was sentenced. The Court recognizes that Thompson filed

4

an unsuccessful § 2255 petition in 2019 in which he made the same claims he asserts in this action. The fact that his claim was previously raised in a § 2255 petition that was denied, however, does not make that remedy inadequate or ineffective to test the legality of his detention. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)(citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); see also *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003)( Section 2255 "is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied. . . .").

Thompson has not shown § 2255 relief is inadequate or inefficient, thereby enabling him to raise his current claims in a § 2241 petition before this Court. Thompson's disagreement with the Sixth Circuit Court of Appeals' analysis of *Davis* does not change the fact that the § 2255 framework was, and is, available to him. His path to any possible relief is via § 2255 with the trial court.

The Court recommends that the petition be dismissed for the reasons stated herein. The dismissal should be without prejudice, to allow Thompson to pursue § 2255 relief by seeking authorization from the Sixth Circuit Court of Appeals to file a second or successive petition with the trial court. See 28 U.S.C. § 2255(h). The relief requested should be denied, and judgment entered for Hendrix.

IT IS SO RECOMMENDED this 4th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE